IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

**PHYLLIS MIDDLETON,**

Plaintiff,

-vs-

**BJ's WHOLESALE CLUB, INC., a foreign corporation, 8046 PHILIPS HIGHWAY, LLC, a foreign limited liability company, and JOHN DOE,**

Defendants.

**PLAINTIFFS' REQUEST FOR PRODUCTION**
**TO DEFENDANT BJ's WHOLESALE CLUB, INC.**

Plaintiff, ERIN L. GOFF, by and through her undersigned attorney and pursuant to Rules 1.280 and 1.350, Florida Rules of Civil Procedure, requests the Defendant produce for inspection, copying or photographing at the offices of FARAH & FARAH, P.A., 10 West Adams Street, Jacksonville, Florida 32202, within the time provided for in the Rules, each of the following documents:

1. A true and correct copy of any and all liability insurance policies providing coverage for the Defendant for the accident which is the basis of the instant litigation.

2. A true and correct copy of any and all photographs, diagrams, videotapes, audiotapes, or other recording devices depicting the Plaintiff, the incident and/or the scene of the accident which is subject of the instant litigation.

3. A true and correct copy of any accident, incident or occurrence reports, relating to the accident which is the basis of the instant litigation.

EXHIBIT
B

4. A true and correct copy of any and all written and/or oral statements (as defined in the Rules of Civil Procedure) previously made by the Plaintiff to the Defendant, its agents or any subsidiary.

5. Any and statements, including but not limited to, recorded telephone interviews, tapes, written statements, whether signed or unsigned, of all witnesses to the incident relative to the subject matter of this action and/or any witnesses having knowledge regarding any and all facts and issues in the instant litigation.

7. A copy of any and all work invoices, bids, estimates or other documents in your possession regarding repair, maintenance, or cleaning on or about the premises in effect on the date of the incident alleged in the Complaint.

8. Copies of any and all sweep sheets, inspection reports or other documents evidencing floor cleaning, maintenance or inspection for the 24 hour period prior to the incident described in the Complaint.

9. A complete list of all employees or agents including name, address and telephone number which were on duty on the date of the incident described in the Complaint.

10. Copies of any and all contracts with 8046 PHILIPS HIGHWAY, LLC.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy hereof has been served on Defendant together with Plaintiff's Complaint through service of process.

**FARAH & FARAH, P.A.**

**Frank Fratello, Jr.**
Florida Bar No.: 046100

10 West Adams Street
Jacksonville, Florida 32202
Telephone: (904) 396-5555
Facsimile: (904) 358-5275
ffratello@farahandfarah.com
Alt: jhall@farahandfarah.com

***Attorney for Plaintiff***

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

**PHYLLIS MIDDLETON,**

Plaintiff,

-vs-

**BJ's WHOLESALE CLUB, INC., a foreign corporation, 8046 PHILIPS HIGHWAY, LLC, a foreign limited liability company, and JOHN DOE,**

Defendants.

**NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT BJ's WHOLESALE CLUB, INC.**

COMES NOW the Plaintiff, by and through undersigned counsel, in accordance with the applicable Rules of Civil Procedure and within the time affixed thereby, hereby give notice to Defendant to answer, under oath and in writing, the attached interrogatories.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy hereof has been served on Defendant, together with Plaintiff's Complaint through service of process.

**FARAH & FARAH, P.A.**

**Frank Fratello, Jr.**
Florida Bar No.: 046100
10 West Adams Street
Jacksonville, Florida 32202
Telephone: (904) 396-5555
Facsimile: (904) 358-5275
ffratello@farahandfarah.com
Alt: jhall@farahandfarah.com
***Attorney for Plaintiff***

EXHIBIT
C

**INTERROGATORIES TO DEFENDANT**
**BJ's WHOLESALE CLUB, INC.**

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2. Are you self-insured under any statute? If so, specify the statute.

3. Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in Plaintiff's complaint, detailing as to such policies the name of the insurer, the name of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

4.      Describe in detail how the incident described in the Complaint happened, including all
        actions taken by you to prevent the incident.

5.      Describe in detail each act or omission on the part of any party to this lawsuit that you
        contend constituted negligence that was a contributing legal cause of the incident in
        question.

6.      State the facts upon which you rely for each affirmative defense in your answer.

7.    Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

8.    If your answer to interrogatory number 7 is "yes", please state the names and addresses of all witnesses with knowledge or opinions, or both, to support your contention that those named in answer to Interrogatory number 7 were at fault in causing Plaintiff's injuries and damages.

9.    At the time of the Plaintiff's injury, do you contend that any people or entities other than you and your employees and agents were responsible for the maintenance, cleaning or inspection of the premises on which Plaintiff alleges she was injured; and, if so, who are those people or entities?

10. If your answer to Interrogatory 9 is in the affirmative, state the name, address and telephone number of the person(s) or entities responsible for the maintenance and cleaning of the premises on which Plaintiff alleges she was injured.

11. What are the names, addresses, and telephone numbers of all your employees or agents working at the subject premises on the date of incident described in the Complaint. Please identify for each person listed whether he/she is still employed by BJ's WHOLESALE CLUB, INC. or not.

12. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

13.     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

14.     State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

15.     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

16.     Describe your business relationship with 8046 PHILIPS HIGHWAY, LLC.

17.     Describe your records retention policy for noting hazards found within the subject premises with respect to inspection, identification, maintenance and repair.

18.     Identify all individuals with knowledge of the in-store video cameras and recording on the date of this incident.  Please identify if those individuals are still employed by BJ's WHOLESALE CLUB, INC. or not.

19.     Please identify all locations and/or vendors within the subject premises that were providing ice cream for public consumption within the store on the date of this incident.

STATE OF FLORIDA

COUNTY OF ____________

BEFORE ME, the undersigned authority, personally appeared ____________________ who after being first duly sworn, deposes and says that he/she is the person in the foregoing Answers to Interrogatories and that he/she has read the same, knows the contents thereof and the same are true and correct as stated.

BY:____________________________

The foregoing instrument was acknowledged before me this ____ day of ________, 2014, by ________________, who is personally known to me or has produced ________________ as identification and who did/did not take an oath.

______________________________
NOTARY PUBLIC

My Commission Expires:

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

**PHYLLIS MIDDLETON,**

Plaintiff,

-vs-

**BJ's WHOLESALE CLUB, INC., a foreign corporation, 8046 PHILIPS HIGHWAY, LLC, a foreign limited liability company, and JOHN DOE,**

Defendants.

---

**PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT BJ's WHOLESALE CLUB, INC.**

Plaintiff, by and through undersigned counsel and pursuant to Rules 1.370, Florida Rules of Civil Procedure, requests the Defendant to admit the following:

1. The date of the incident as alleged in the Complaint is correct.

2. The Defendant, BJ's WHOLESALE CLUB, INC. occupied, managed, operated or controlled the premises located at 8046 Philips Highway in Jacksonville, Florida on the date of the incident alleged in the Complaint.

3. BJ's WHOLESALE CLUB, INC. is correctly named in the style of the Complaint.

4. You or someone on your behalf had photos taken of the scene of the alleged incident at or near the time of the incident.

5. You or someone on your behalf had photos taken of the Plaintiff at the subject premises at or near the time of the incident alleged in the Complaint.

6. You or someone on your behalf prepared an incident report at the time or near the time of the incident which is subject of the instant litigation.

7. Plaintiff was a business invitee at the time of the incident on the premises.

EXHIBIT
D

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy hereof has been served on Defendant together with Plaintiff's Complaint through service of process.

**FARAH & FARAH, P.A.**

**Frank Fratello, Jr.**
Florida Bar No.: 046100
10 West Adams Street
Jacksonville, Florida 32202
Telephone: (904) 396-5555
Facsimile: (904) 358-5272
ffratello@farahandfarah.com
Alt: jhall@farahandfarah.com

***Attorney for Plaintiff***

IN THE CIRCUIT COURT OF THE 4TH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO. 16-2016-CA-4093

PHYLLIS MIDDLETON,

Plaintiff,

vs.

BJ'S WHOLESALE CLUB, INC., a foreign corporation, 8046 PHILIPS HIGHWAY, LLC, a foreign limited liability company, and JOHN DOE

Defendants.
_________________________________/

**DEFENDANT BJ'S WHOLESALE CLUB, INC.'S ANSWER AND DEFENSES**

COMES NOW, BJ's Wholesale Club, Inc., (hereinafter referred to by name or as "Defendant BJ's" or "BJ's" or as "Defendant"), by special appearance, by and through its undersigned counsel, and without waiving jurisdiction or any jurisdictional defenses, including, but not limited to, lack of jurisdiction over the person, lack of jurisdiction over the subject matter, insufficiency of service of process, insufficiency of process, and failure to state a cause of action, as well as all defenses, both mandatory and discretionary provided for under Florida law, and answers the Plaintiff's Complaint filed in this cause and in response thereto this Defendant states as follows:

1. Defendant BJ's responds to the allegations within paragraphs 1, 7, 11, 12, 13, 14, 15, 17, 18, 21, 22, 32, and 33 of Plaintiff's Complaint by denying same as framed, and strict proof is demanded thereon.

2. Defendant BJ's responds to the allegations contained within paragraphs 3 and 6 of Plaintiff's Complaint and tentatively admits for jurisdictional purposes only, and subject to amendment and/or clarification hereafter, that Defendant is a foreign

EXHIBIT
tabbies
E

corporation, authorized to do business in Florida and it operated and maintained the premises at 8046 Philips Highway, Jacksonville, Florida 32256, as a wholesale club. Defendant BJ's is without sufficient information or knowledge at this time to allow it to admit to the truth of the remaining allegations within paragraphs 3 and 6 as framed, and therefore tentatively denies same, subject to amendment or clarification hereafter, and strict proof is demanded thereon.

3.    Defendant BJ's responds to the allegations contained within paragraphs 2, 9, 10, and 16 of Plaintiff's Complaint and states that this Defendant is without sufficient information or knowledge at this time to allow it to admit to the truth of the allegations within paragraphs 2, 9, 10, and 16 as framed, and therefore tentatively denies same, subject to amendment or clarification hereafter, and strict proof is demanded thereon.

4.    Defendant BJ's responds to the allegations contained within paragraph 20 of Plaintiff's Complaint and states that this Defendant admits that it owed a duty to exercise reasonable care for the safety of business invitees on its premises as prescribed by applicable Florida law. Defendant would further state that all business invitees on its premises also had a duty to exercise reasonable care for their own safety and the safety of others as prescribed by applicable Florida law. Defendant would state that any allegations not specifically admitted herein, are denied and to the extent that the allegations contained within paragraph 20 are an attempt by Plaintiff to enlarge this Defendant's responsibilities or duties beyond those imposed by Florida law, then said allegations are denied and strict proof is demanded thereon.

. 5.    Defendant BJ's responds to the allegations within paragraphs 4, 5, 8, 24, 25, 26, 28, 29, and 30, of Plaintiff's Complaint by stating that said allegations are not

directed to this Defendant and therefore, this Defendant is not compelled to respond or otherwise admit or deny said allegations; however, to the extent that said allegations in any way refer to this Defendant or otherwise attempt to attribute any fault, liability, or responsibility to this Defendant said allegations are denied and strict proof is demanded thereon

6. Defendant BJ's responds to the allegations contained within paragraphs 19, 23, 27, and 31 of Plaintiff's Complaint, and this Defendant reiterates, re-alleges and adopts by reference, Defendant's responses to all prior paragraphs of Plaintiff's Complaint referenced within said allegations, as if fully set forth herein.

7. Defendant BJ's specifically and generally denies any and all remaining allegations contained in the Complaint that are not specifically admitted above and strict proof is demanded thereon.

8. Defendant BJ's further responds to the allegations within Plaintiff's Complaint and states that Plaintiff's Complaint, fails to specify how the alleged slip and fall occurred and as drafted contains allegations which are nothing more than mere conclusions. Plaintiff's Complaint fails to set forth, with any degree of specificity, sufficient allegations or statements of ultimate fact necessary to state a cause of action against this Defendant or otherwise inform Defendant of the factual basis of the cause being pursued against Defendant by the Plaintiff and therefore, Defendant moves that the Complaint should be dismissed as a matter of law.

9. Defendant BJ's states that to the extent that the Plaintiff was negligent and careless, and to the extent that such negligence was the sole proximate cause of the accident or in the alternative, to the extent such negligence was a contributing factor in

causing the accident and the injuries Plaintiff claims to have sustained, then any cause of action against this Defendant should be barred, or alternatively, any damages or recovery should be reduced in proportion to the negligence and/or proportionate share of responsibility of the Plaintiff for causing and/or contributing to Plaintiff's alleged damages.

10. Defendant BJ's alleges that Plaintiff has the burden of proving compliance with Florida Statute §768.0755, which applies to "Premises liability for transitory foreign substances in a business establishment," and Plaintiff must prove that must prove that the Defendant had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it and, to the extent that Plaintiff is unable to meet the foregoing burden, said Statute should specifically bar the Plaintiff from any action and/or recovery against Defendant under the facts and circumstances of this case.

11. Defendant BJ's alleges that to the extent that any alleged injuries/damages Plaintiff claims to have sustained as a result of the incident described in Plaintiff's Complaint, were solely the result of Plaintiff's own negligence and/or the negligence of third parties, named or unnamed, then Plaintiff cannot recover against this Defendant, or in the alternative, this Defendant should be liable, if at all, only for Defendant's respective proportionate share(s) of liability, pursuant to Florida Statutes §768.81. In addition, this Defendant is entitled to introduce evidence of the existence of these non-parties and have their names placed on any verdict form that is sent to a jury. *Messmer vs. Teachers Ins. Co.*, 588 So.2d 610 (Fla. 5th DCA 1991) and as further supported in *Fabre vs. Marin*, 623 So.2d 1182 (Fla. 1993).

12. Defendant BJ's states that to the extent any third parties, named or

unnamed, whose conduct in operating, creating, maintaining or repairing any equipment or designating signs or displays, caused or contributed to the accident which is the subject of Plaintiff's Complaint and Plaintiff's alleged damages, then this Defendant would be entitled to contribution or indemnity from such a third party. Defendant is also entitled to contribution or indemnity from any and all care providers whose acts or omissions in any way caused any of the damages claimed in this action.

13. Defendant BJ's states that to the extent that any alleged action or omission complained of was, or should have been, known to the Plaintiff and to the extent that the Plaintiff realized, or should have realized, as well as appreciated the possibility of injury as a result of the alleged situation, action or omission described within the Complaint, and to the extent that the Plaintiff had a reasonable opportunity to avoid any such alleged situation, action or omission and voluntarily and deliberately exposed herself to any of them, the Plaintiff assumed the risks of injuries and the Plaintiff is precluded from recovering any damages in this action.

14. Defendant BJ's states that to the extent that the allegedly dangerous condition that caused Plaintiff to slip and fall was open and obvious in nature, and to the extent that the Plaintiff had or should have had knowledge of such an open and obvious condition that was either equal to or greater than the knowledge possessed by the Defendant regarding the allegedly dangerous condition or, in the alternative, the allegedly dangerous condition was so open and obvious in nature that any reasonable person could have acted in such a manner as to not suffer any damage or injury as a result of the allegedly dangerous condition, the Plaintiff shall be precluded from any recovery from this Defendant. Fla. Std. Jury Instr. (Civ.) 401.20a. *See also Taylor v.*

*Universal City Property Management*, 779 So.2d 621 (Fla. 5th DCA 2001). Further, Defendant BJ's states that to the extent that there was a "slippery substance" on the ground as alleged in ¶11 of the Plaintiff's Complaint, said substance was not present for a sufficient amount of time as to put this Defendant on notice – whether constructive or actual notice – that an allegedly dangerous condition existed and, therefore, this Defendant cannot be held liable for the Plaintiff's damages. *Dominguez v. Publix Super Mkts., Inc.*, 187 So. 3d 892 (Fla. 3d DCA).

15. Defendant BJ's states that to the extent that the Plaintiff's alleged damages, if any, were caused by the intervening or superseding actions, omissions or negligence of the Plaintiff and/or the negligence of third parties, named or unnamed or any combination thereof, and/or acts of God and/or factors over which this Defendant had no control, then any cause of action against this Defendant should be barred, or alternatively, any damages of recovery should be reduced in proportion to the negligence or proportionate share of responsibility attributable to the Plaintiff or any such third parties, for causing or contributing to Plaintiff's alleged damages.

16. Defendant BJ's states that to the extent that Plaintiff failed to mitigate her damages by not availing herself of medical treatment where such medical treatment was/is reasonably expected to diminish Plaintiff's alleged disability, discomfort and damage, and to the extent that the Plaintiff failed to mitigate her damages by failing to resume gainful employment at a time when Plaintiff was physically able to do so but did not, following the accident, Defendant is entitled to introduce evidence of same at trial. Defendant affirmatively states that in such an event, Plaintiff's actions should bar any cause of action by the Plaintiff against Defendant or Defendant should be entitled to a

proportionate reduction of any jury award, pursuant to applicable Florida law. *Miller vs. Lovett*, 879 F.2d 1066 (2d Cir., 1989); *Norman vs. Mandarin Emergency Care Center, Inc.*, 490 So.2d 76 (1st DCA 1986); *Rubin vs. Shapiro*, 108 So.2d 854 (3d DCA 1967); *Juvenile Diabetes Research Foundation vs. Rievman*, 370 So.2d 33 (3d DCA 1979) restatement of torts, Section 918.27.

17. Defendant BJ's states that the Plaintiff's alleged damages, if any, should be reduced by the amount of medical insurance or third party payments, paid or payable, or any other collateral source or third party source or benefit available to the Plaintiff, pursuant to applicable Florida Statutes and the laws of this State.

18. Defendant BJ's states that the Plaintiff is not entitled to a duplication of benefits and this Defendant is entitled to all rights, reductions and set-offs afforded under applicable Florida law and is entitled to introduce evidence of payments to Plaintiff or on behalf of the Plaintiff from certain collateral sources, third parties, or other insurance or insurance carriers, and this Defendant is entitled to a set-off from any recovery against it, if any, to the extent of the value of all benefits or settlements, paid or payable, on behalf of the Plaintiff, from any such collateral source or any such third parties pursuant to applicable Florida law.

19. Defendant BJ's states that at all times material hereto, there was available and remained available to Plaintiff certain collateral source benefits from governmental or charitable organizations and to the extent that such benefits are or were available, this Defendant is entitled to a set-off of damages claimed by Plaintiff in the amount of any such governmental or charitable benefits available to all persons. *Florida Physicians Insurance Reciprocal v. Stanley*, 452 So.2d 514 (Fla. 1984).

20. Defendant BJ's states that to the extent that the Plaintiff had any third-party collateral source benefits (private health insurance or otherwise) available to her that would reduce the amount the Plaintiff's medical expenses or the amount to which the Plaintiff is held liable for any medical services provided by medical providers based on a previously negotiated contract establishing pricing and payment amounts between any third-party collateral source company and any treating provider(s) of the Plaintiff, and to the extent that the Plaintiff voluntarily forewent utilizing such previously negotiated pricing and thereby voluntarily either paid or subjected herself to a higher price for the services provided to her through a "letter of protection" or otherwise, this Defendant shall be entitled to introduce evidence of such difference in pricing and/or that the Plaintiff's failure to mitigate her damages by failing to utilize such a reduction in pricing that was available to her. Further, to the extent that it is determined that the Plaintiff failed to utilize such pricing, the Plaintiff shall be limited to introducing evidence of the costs of any such services provided by the Plaintiff's medical providers to the pre-negotiated price between any third-party collateral source and any provider of the Plaintiff who had a previously negotiated price for the services provided, regardless of the amount charged by the medical provider. Further, to the extent that it is determined that the Plaintiff failed to utilize pre-negotiated pricing, this Defendant shall be entitled to a set-off of the difference between any applicable pre-negotiated pricing and the amount actually charged by the Plaintiff's provider.

21. Defendant BJ's states that to the extent that the Plaintiff's damages were proximately caused by, or in any way derived from, the improper design, employment, installation or deployment of any equipment, or machinery or device or display or other

product or item on the Defendant's premises that was designed or manufactured by an entity other than this Defendant, then this Defendant is entitled to introduce evidence of same at trial and any omissions or actions on the part of those parties responsible for the employment, deployment, design or installation of any such restraint system or device which proximately caused or in any way contributed to any of the injuries or damages to Plaintiff or otherwise claimed by the Plaintiff and the Plaintiff should be barred from any recovery against this Defendant or in the alternative, this Defendant should be entitled to a proportionate reduction of any jury award pursuant to applicable Florida Law.

22. Defendant BJ's is entitled to an apportionment of any and all damages to which the Plaintiff is found to be entitled, pursuant to F.S. §768.81.

23. Defendant BJ's further states that due to the vague and ambiguous manner in which the Plaintiff's Complaint is drafted and this Defendant's uncertainty as to the factual basis and nature of the specific allegations and claims being directed against it by the Plaintiff, or otherwise, how this Defendant allegedly is liable to the Plaintiff, this Defendant is unable to adequately respond or otherwise respond further unless and until the Plaintiff clarifies the allegations against this Defendant. Consequently, this Defendant reserves and preserves all applicable remedies, defenses, privileges, causes of action, counterclaims, the right to pursue attorney's fees/costs, or otherwise, to include but not limited to, all defenses set forth within Rules 1.140, 1.140(b), 1.140(e), 1.140(f), and 1.140(h), Florida Rules of Civil Procedure, and the defenses of accord and satisfaction, estoppel, spoliation, laches, statute of limitations, failure to join and indispensable party, contractual defenses, the economic

loss doctrine, or any other defenses available pursuant to any terms or conditions contained in any applicable agreement, as well as any other defenses, both mandatory and discretionary, provided for under Florida law, as well as other rights and remedies available to this Defendant under applicable Florida law. This Defendant reserves the right to amend, append, redact or modify this pleading pending clarification from the Plaintiff and as additional information becomes available through discovery and investigation in this action.

JURY DEMAND

24. Defendant, BJ's Wholesale Club, Inc., demands a trial by jury on any and all issues of fact.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 12, 2016, the foregoing was electronically filed with the Clerk of Courts by using the eFiling Portal and that a copy was served via Electronic Mail to: Frank Fratello, Jr., Esquire, Farah & Farah, P.A., 10 West Adams Street, Jacksonville, FL 32202 (ffratello@farahandfarah.com; jhall@farahandfarah.com)

/s/ P. Raúl Alvarez, Jr.
P. RAÚL ALVAREZ, JR., ESQUIRE
Florida Bar No. 775215
BRIAN T. DUNMIRE, ESQUIRE
Florida Bar No. 98389
Alvarez, Winthrop, Thompson & Storey, P.A.
390 N. Orange Avenue, Suite 600
Orlando, FL 32801
Telephone No. (407) 210-2796
Facsimile No. (407) 210-2795
Attorneys for Defendant, BJ's Wholesale Club

***Designated Email Addresses:***
***pra@awtspa.com; bdunmire@awtspa.com; mguilez@awtspa.com; jmoss@awtspa.com***

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

PHYLLIS MIDDLETON,

CASE NO.: 16-2016-CA-004093

Plaintiff,

vs.

BJ'S WHOLESALE CLUB, INC., a foreign corporation, 8046 PHILIPS HIGHWAY, LLC, a foreign limited liability company, and JOHN DOE,

Defendants.
_______________________________/

**DEFENDANT BJ'S WHOLESALE CLUB, INC.'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS**

Defendant, BJ'S WHOLESALE CLUB, INC., by and through its undersigned counsel, pursuant to the applicable Florida Rules of Civil Procedure, without waiving jurisdiction or any jurisdictional defenses, including, but not limited to, lack of jurisdiction over the person, lack of jurisdiction over the subject matter, insufficiency of service of process, insufficiency of process, and failure to state a cause of action, as well as all defenses, both mandatory and discretionary provided for under Florida law, move this Court for the entry of an order granting it an extension of time in which to respond to Plaintiff's discovery requests served upon this Defendant in this cause. As grounds, therefore, this Defendant would show:

1. Plaintiff, PHYLLIS MIDDLETON, served her Request for Production, Request for Admissions, and Interrogatories on Defendant BJ'S WHOLESALE CLUB, INC., on June 22, 2016.



2. Defendant, BJ'S WHOLESALE CLUB, INC.'s responses to these discovery requests are due on or before August 8, 2016.

3. Plaintiff's discovery requests require production, inspection and review of documentation and other items that will require additional time to complete in order to serve complete responses or objections to discovery.

4. Defendant, BJ'S WHOLESALE CLUB, INC., has made a good faith effort to identify, obtain, compile and review the documentation and information necessary to respond to the Plaintiff's discovery requests. Notwithstanding these good faith efforts, the Defendant has been unable to complete these responses and shall require additional time to respond or object to Plaintiff's discovery.

5. This Defendant is in need of additional time in which to respond to these discovery requests.

6. This motion is filed in good faith and not for the purpose of delay.

7. The filing of this motion effectively extends the subject period of time beyond its prescribed deadline pending a ruling on the motion pursuant to Florida Rule of Civil Procedure 1.090 (b). *Cf., Goldy v. Corbett Cranes Services, Inc.*, 692 SO.2d 225 (Fla. 5th DCA 1997) (Timely motion for enlargement of time extends time period for proposal for settlement pending a ruling on the motion); *Morales v. Sperry Rand Corp.*, 601 So.2d 538 (Fla. 1992) (requiring motion seeking to extend period within which to serve adverse party with initial process to only be filed within 120-day period, not ruled on within that period, in order for suit not be subject to automatic dismissal); *Nationwide Mut. Fire Ins. Co. v. Holmes*, 352 SO.2d 1233 (Fla. 4th DCA 1977) (same conclusion in the context of motion to enlarge period for substitution of party following suggestion of

death); and *Pinnacle Corp. of Central Florida, Inc. vs. R.L. Jernigan Sandblasting & Painting, Inc.*, 718 So.2d 1265 (Fla. 2nd DCA 1998) (Motion for extension of time prior to expiration of time for response to complaint). Although the cited cases have slightly different fact patterns, it seems logical to conclude that a motion to enlarge the period within which to comply with a Court's order would effectively toll the responsive period provided that the motion is filed, as it was in this matter, before the period has otherwise expired. Defense counsel is unaware and has been unable to locate any cases holding to the contrary.

8. Where, as here, a party has shown good cause and requests an enlargement of time within the deadline otherwise prescribed by the Florida Rules of Civil Procedure, this Court should grant the motion and provide an extension. F.R.C.P. Rule 1.090(b)(1).

WHEREFORE, the Defendant, BJ'S WHOLESALE CLUB, INC., for the foregoing reasons, respectfully requests that this Court enter an order granting the Defendant's Motion for Enlargement of time to respond to Plaintiff's discovery.

***The remainder of this page is intentionally left blank.***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 8, 2016, the foregoing was electronically filed with the Clerk of Courts by using the eFiling Portal and that a copy was served via Electronic Mail to: Frank Fratello, Jr., Esquire, Farah & Farah, P.A., 10 West Adams Street, Jacksonville, FL 32202 (ffratello@farahandfarah.com; jhall@farahandfarah.com)

/s/ Brian T. Dunmire
P. RAÚL ALVAREZ, JR., ESQUIRE
Florida Bar No. 775215
BRIAN T. DUNMIRE, ESQUIRE
Florida Bar No. 98389
Alvarez, Winthrop, Thompson & Storey, P.A.
390 N. Orange Avenue, Suite 600
Orlando, FL 32801
Telephone No. (407) 210-2796
Facsimile No. (407) 210-2795
Attorneys for Defendant, BJ's Wholesale Club

***Designated Email Addresses:***
***pra@awtspa.com; bdunmire@awtspa.com; mquilez@awtspa.com; nblizzard@awtspa.com***

# Case 16-2016-CA-004093-XXXX-MA

| Department | Circuit Civil | Division | CV-C |
|---|---|---|---|
| Case Status | OPEN | File Date | 6/17/2016 4:38:17 PM |
| Judge Name | JAY III, HARVEY L | Officer | |
| Private Attorney | Fratello, Frank Jr | | |

## Parties

| Name / DOB / DL / ID # | Party Type Race / Sex | Address |
|---|---|---|
| PHYLLIS MIDDLETON | PLAINTIFF / | 10 WEST ADAMS STREET JACKSONVILLE, FL32202 |
| BJ'S WHOLESALE CLUB, INC. | DEFENDANT / | CT CORPORATION SYSTEM 1200 SOUTH PINE ISLAND ROAD PLANTATION, FL33324 |
| John Doe | DEFENDANT / | |

## Attorneys

| Attorney | Address | For Parties |
|---|---|---|
| Fratello, Frank Jr Private Attorney (46100) | 10 W Adams St Jacksonville, FL322023618 | PHYLLIS MIDDLETON (PLAINTIFF) |

## Fees

| Date | Description | Assessed | Paid | Balance |
|---|---|---|---|---|
| 06/20/2016 | SUMMONS($10/ea) | $10.00 | $10.00 | $0.00 |
| 06/20/2016 | CIR/GENERALCIVIL 3/1/2012 | $401.00 | $401.00 | $0.00 |

## Dockets

| Line | Count | Effective Entered | Description | Pages | Image |
|---|---|---|---|---|---|
| 1 | – | 6/17/2016 6/20/2016 | COVER SHEET | 2 | Request View on request |
| 2 | – | 6/17/2016 6/20/2016 | SUMMONS ISSUED BJ'S WHOLESALE CLUB INC. | 1 | Request View on request |
| 3 | – | 6/17/2016 6/20/2016 | COMPLAINT | 6 | Available VOR, Ready to view |
| 4 | – | 6/17/2016 6/20/2016 | NOTICE OF SERVICE OF INTERROGATORIES - PLTF TO DEFT BJ'S WHOLESALE CLUB | 9 | Request View on request |
| 5 | – | 6/17/2016 6/20/2016 | REQUEST TO PRODUCE - PLTF TO DEFT BJ'S CHOLESALE CLUB | | |

EXHIBIT
tabbies
G

| | | | | | |
|---|---|---|---|---|---|
| 6 | -- | 6/17/2016 6/20/2016 | REQUEST FOR ADMISSIONS - PLTF TO DEFT BJ'S WHOLESALE CLUB | 2 | Request View on request |
| 7 | -- | 6/17/2016 6/20/2016 | OTHER NEGLIGENCE-PREMISES LIABILITY-COMMERCIAL | | |
| 8 | -- | 6/20/2016 6/20/2016 | CASE FEES PAID: $411.00 ON RECEIPT NUMBER 2692284 | 1 | Available Public access |
| 9 | -- | 6/20/2016 6/20/2016 | DEMAND FOR JURY TRIAL | | |
| 10 | -- | 6/23/2016 6/24/2016 | NOTICE OF FILING RETURN OF SERVICE | 1 | Request View on request |
| 11 | -- | 6/23/2016 6/24/2016 | SUMMONS RETURNED INDICATING SERVICE BJ'S WHOLESALE CLUB INC | 1 | Available Public access |
| 12 | -- | 7/12/2016 7/14/2016 | ANSWER OF DEFT. BJ'S WHOLESALE CLUB, INC. | 10 | Request View on request |



FARAH & FARAH
PROTECTING YOU AND YOUR FAMILY SINCE 1979

1301 PLANTATION ISLAND DRIVE, SUITE 206A
ST. AUGUSTINE, FLORIDA 32080
P 904.797.7977
F 904.460.9426
farahandfarah.com

ATTORNEYS
Eddie E. Farah
Charlie E. Farah
Khalil E. Farah
Aaron Baker
Joanne C. Blalock
Kevin A. Brown
William Tripp Castleberry III
Licensed in GA
Jordan Coley
Tara B. Conner
Mario D. Coutu
Dominic D. DeLuca
Bruce S. Feifer
Licensed in TN
Brian M. Flaherty
Wesley T. Ford
James R. Francis
Licensed in GA
Joseph A. Franco Jr.
Frank Fratello
Nicole K. Frey
Licensed in GA
Jeffrey L. Gadd
Andrew Garro
Donald D. Guthrie
Yolando A. Hewling
Licensed in GA
Corri C. Hunt
Licensed in GA
Lawrence C. Huttman
Youssef Khanachet
Lloyd S. Manukian
Samuel A. Maroon
Tiffany Newcomb
Leslie B. Ng
Joseph H. Presutti
Randall Rutledge
Richard A. Staggard
Licensed in NJ & GA
Savannah Stewart
Jeffrey M. Snyder
Alan D. Tucker
Licensed in GA
Emily C. Williams
Licensed in GA & AL
OF COUNSEL
Bruce A. Gartner, P.A.
L. Jack Gibney
Licensed in GA

March 7, 2016

***Sent Via Certified Mail: 7012 2210 0000 8962 1892***

BJ's Wholesale Club, Inc.
Attn: Rebecca Roach
25 Research Dr.
Westborough, MA 01581-5230

| Re: | Our Client: | Phyllis M. Middleton |
|---|---|---|
| | Your Insured: | BJ's Wholesale Club, Inc. |
| | Date of Loss: | January 10, 2015 |
| | Our File No.: | 2015J00110 |

Dear Ms. Roach:

We are writing this letter to present the facts of this claim on behalf of our client, Phyllis M. Middleton, in an attempt to settle this claim amicably without the necessity of litigation. The information we supply herewith is a brief summary of the facts that would be presented at the trial of this matter.

**LIABILITY**

On or about January 10, 2015, Ms. Middleton was an invitee at BJ's Wholesale Club. On that date, she was walking towards the exit of the store past the cash registers when she slipped and fell on a foreign substance. The foreign substance was on the floor for a sufficient length of time that BJ's Wholesale Club knew or should have known of its existence and had sufficient time to remedy the dangerous condition, and failed to do so, causing Ms. Middleton's fall and subsequent injuries. Liability is not an issue.

**INJURIES/TREATMENT**

On or about January 10, 2015, Ms. Middleton reported to St. Vincent's Medical Center with complaints of right hip pain and neck pain. Diagnostic testing revealed that due to this accident, she is suffering from:

1. Cervical sprain/strain (847.0); and
2. Injuries to back, hip and shoulder.

She was later discharged with follow up instructions. Due to the severity of the pain she was suffering from she was given prescriptions for:

1. Motrin 800 mg; and

EXHIBIT
H

2. Ultram 50 mg.

On or about January 13, 2015, Ms. Middleton reported to Bahri Orthopedics with complaints of back pain, neck pain, and hip pain. Diagnostic testing revealed that due to this accident, Ms. Middleton is suffering from:

1. Neck pain (723.1);
2. Right hip pain (719.45);
3. Back pain (724.5);
4. Neck sprain (847.0: and
5. Back sprain (847.9).

She was recommended for physical therapy and oral NSAIDS for symptom control.

On or about January 19, 2015, Ms. Middleton reported to Select Physical Therapy with complaints of neck pain, back pain, and right hip/pelvis pain. Diagnostic testing revealed that due to this accident, she is suffering from:

1. Cervicalgia (723.1);
2. Lumbago (724.2); and
3. Joint pain (719.45).

She was placed on a therapeutic treatment plan to include, but was not limited to, therapeutic exercises, therapeutic activities, stretching, neuromuscular re-education, manual therapy, gait training, cryotherapy, electrical muscle stimulation, ultrasound, and hot/cold packs. Due to the ongoing nature of the pain she was suffering from, she continued to treat with Select Physical Therapy for several months.

On or about March 2, 2015, Ms. Middleton reported to Precision Imaging to undergo an MRI of the lumbar spine. The MRI revealed that due to this accident, she is suffering from:

1. Multilevel disc bulging;
2. L5-S1 left foraminal disc protrusion; and
3. T11-12 paracentral disc protrusion indenting the thecal sac.

On or about April 29, 2015, Ms. Middleton reported to Precision Imaging to undergo an MRI of the right shoulder. The MRI revealed that due to this accident, she is suffering from:

1. Narrowing of the subacromial space; and
2. Interstitial tear to the infraspinatus footplate.

On or about May 13, 2015, Ms. Middleton reported to precision imaging to undergo an MRI of the cervical spine. The MRI revealed that due to this accident, she is suffering from:

1. C5-6 central disc herniation indenting the thecal sac; and
2. C4-5 disc protrusion indenting the thecal sac.

On or about June 10, 2015, Ms. Middleton reported to Florida Institute of Pain Medicine with complaints of neck pain, shoulder pain, and back pain. Diagnostic testing revealed that due to this accident, she is suffering from:

1. Cervical radiculopathy (723.4);
2. Cervical herniated disc (722.71); and
3. Cervical DDD (722.4).

She was recommended to undergo epidural injections in the cervical region to help alleviate some of the pain she was suffering from. She went back to Florida Institute of Pain Medicine on several occasions to undergo epidural injections in not only her cervical spine, but also her lumbar spine.

On or about February 23, 2016, Ms. Middleton reported to Baptist Medical Center South to undergo surgery from the injuries caused by this accident. The operation performed included:

1. Anterior cervical discectomy with a fusion at C5-6 level;
2. Anterior instrumentation at C5-6;
3. Application of biomechanical device PEEK cage, C5-6;
4. Use of intraoperative fluoroscopy; and
5. Use of intraoperative microscope.

The operation procedure was as follows:

She was given preoperative antibiotics. She was then taken back to the OR, placed in the supine position, and given general anesthetic. She was then placed on the OR table. Upper and lower extremities were padded and positioned. Wrist restraints were placed. A towel roll was placed in the shoulder blades. Neck was placed in a neutral, slightly hyperextended position. Fluoroscopy view was taken showing good alignment as well as visualization of the C5-6. Anterior cervical region was then prepped and draped.

An incision was made over the left side of the anterior cervical area, transverse, slightly oblique. Skin incision was made followed by dissection

down to the platysmas muscle, then down the tracheosophagus interval down towards the anterior cervical region. Carotid artery was palpated and pushed laterally. Anterior cervical area was then identified. Spinal needle was used initially to verify the level at C5-6.

Longus coli muscles were then dissected out laterally for better exposure. Once that was completed, the self-retaining retractor blades were placed into the disk area. The microscope was bright in for further decompression assistance.

Discectomy was performed with a scalpel, pituitary rongeur, #2 and #3 Kerrison rongeurs as well as cirettes, straight and angled. Disc material was removed as well as cartilaginous surface of the endplates. The annulus was removed. The lateral right side in particular was decompressed.

Once the bone graft preparation for the endplates was completed, the trial spacer was placed. A 7 mm implant was the correct size. It was then opened up on the table packed with OBX bone putty.

Anterior instrumentation was completed next. Two superiorly directed at 2 inferiorly directed screws were then placed. Each was drilled first followed by then placement of the screw. Each screw was then tightened down with torque devices.

Please see attached pictures after the surgery. Not only will Ms. Middleton have to live with the pain and suffering of the injuries she suffered in this accident, but she will also have horrible permanent scarring on her neck from the necessary surgery she needed as a result of the injuries she sustained in this accident.

**SPECIAL DAMAGES**

As a result of the injuries sustained in this accident, Ms. Middleton has thus far incurred over $59,300.00 in special damages, which will continue to accrue with necessary future medical care. Enclosed herewith are copies of all available medical bills.

The following is an outline of the medical expenses:

| | |
|---|---|
| St. Luke's Emergency Care: | $ 514.00 |
| Putnam Family Care: | $ 129.00 |
| St. Luke's Hospital: | $ 5,186.00 |
| Bahri Orthopedics: | $ 1,695.00 |
| Precision Imaging: | $ 2,064.65 |

| | |
|---|---|
| Florida Institute of Pain Medicine: | $ 313.00 |
| Baptist Medical Center South: | $ 49,489.65 |
| **TOTAL:** | **$ 59,391.30** |

Ms. Middleton has thus far incurred a substantial amount of income loss due to this accident, not only during her treatment, but also during her recovery period after her surgery. Her income loss will continue to accrue in the future as she recovers from surgery and further necessary medical treatment thereafter. Her prior tax returns and job description are attached for your records.

**DEMAND FOR SETTLEMENT**

We hereby demand the sum of $500,000.00 (five-hundred thousand dollars) in settlement of this claim.

The Release must contain the following language:

> Notwithstanding anything herein to the contrary, this Release shall not release any health care provider or any insurance company from its obligation to provide any personal injury protection coverage, medical payment coverage, health insurance coverage, major medical insurance coverage, uninsured/underinsured motorists coverage or disability insurance coverage from all claims and demands, rights and causes of action of any kind the undersigned now has or hereafter may have on account of personal injuries known or unknown to the undersigned arising from the subject accident.

We offer this opportunity to settle this matter at this time and respectfully demand payment on or before April 8, 2016. Should you have any questions or concerns, please contact me at (904) 460-6060.

**This demand is made for pre-suit purposes only and is not binding should it be necessary to file a law suit.**

Sincerely,

Jeff M. Snyder, Esq.
(904) 460-6060

Enclosures as stated
cc: Phyllis M. Middleton

#M14000004673

# Florida Department of State
## Division of Corporations
## Electronic Filing Cover Sheet

**Note: Please print this page and use it as a cover sheet. Type the fax audit number (shown below) on the top and bottom of all pages of the document.**

(((H14000157484 3)))

H140001574843ABC1

**Note:** DO NOT hit the REFRESH/RELOAD button on your browser from this page. Doing so will generate another cover sheet.

To:

Division of Corporations
Fax Number : (850)617-6383

From:

Account Name : TRIAD PROFESSIONAL SERVICES, LLC
Account Number :
Phone : (770)777-2091
Fax Number : (770)220-1943

**Enter the email address for this business entity to be used for future annual report mailings. Enter only one email address please.**

Email Address:

**Foreign Limited Liability Company**

**8046 Philips Highway LLC**

| Certificate of Status | 0 |
|---|---|
| Certified Copy | 1 |
| Page Count | 03 |
| Estimated Charge | $155.00 |

RECEIVED 14 JUL -1 AM 10:43 SECRETARY OF STATE TALLAHASSEE, FLORIDA

FILED 2014 JUL -1 AM 9:50 SECRETARY OF STATE TALLAHASSEE, FLORIDA

K. SALY EXAMINER JUL - 2 2014

EXHIBIT I



7/1/2014 10:35 AM

**APPLICATION BY FOREIGN LIMITED LIABILITY COMPANY FOR AUTHORIZATION TO TRANSACT BUSINESS IN FLORIDA**

*IN COMPLIANCE WITH SECTION 605.0902, FLORIDA STATUTES, THE FOLLOWING IS SUBMITTED TO REGISTER A FOREIGN LIMITED LIABILITY COMPANY TO TRANSACT BUSINESS IN THE STATE OF FLORIDA:*

1. 8046 Philips Highway LLC
(Name of Foreign Limited Liability Company; must include "Limited Liability Company," "L.L.C.," or "LLC.")

(If name unavailable, enter alternate name adopted for the purpose of transacting business in Florida. The alternate name must include "Limited Liability Company," "L.L.C," or "LLC.")

2. Delaware
(Jurisdiction under the law of which foreign limited liability company is organized)

3. ______
(FEI number, if applicable)

4. N/A
(Date first transacted business in Florida, if prior to registration.)
(See sections 605.0904 & 605.0905, F.S. to determine penalty liability)

5. 496 Long Ridge Road, Bedford, NY 10506
(Street Address of Principal Office)

6. 496 Long Ridge Road, Bedford, NY 10506
(Mailing Address)

FILED
2014 JUL -1 AM 9:50
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

7. The name, title or capacity and address of the person(s) who has/have authority to manage is/are:

Richard Kassis, Manager, 496 Long Ridge Road, Bedford, NY 10506

8. Attached is an original certificate of existence, no more than 90 days old, duly authenticated by the official having custody of records in the jurisdiction under the law of which it is organized. (A photocopy is not acceptable. If the certificate is in a foreign language, a translation of the certificate under oath of the translator must be submitted)

[signature]

Signature of an authorized person

(In accordance with section 605.0203, F.S., the execution of this document constitutes an affirmation under the penalties of perjury that the facts stated herein are true. I am aware that any false information submitted in a document to the Department of State constitutes a third degree felony as provided for in s.817.155, F.S.)

Richard Kassis, Manager
Typed or printed name of signee

**CERTIFICATE OF DESIGNATION OF REGISTERED AGENT/REGISTERED OFFICE**

PURSUANT TO THE PROVISIONS OF SECTION 605.0113 or 605.0902 (1)(d), FLORIDA STATUTES, THE UNDERSIGNED LIMITED LIABILITY COMPANY SUBMITS THE FOLLOWING STATEMENT TO DESIGNATE A REGISTERED OFFICE AND REGISTERED AGENT IN THE STATE OF FLORIDA.

FILED
2014 JUL -1 AM 9:50
SECRETARY OF STATE
TALLAHASSEE, FLORIDA

1. The name of the Limited Liability Company is:

8046 Philips Highway LLC

If unavailable, the alternate to be used in the state of Florida is:

2. The name and the Florida street address of the registered agent and office are:

NRAI Services, Inc.
(Name)

1200 South Pine Island Road
Florida Street Address (P.O. Box NOT ACCEPTABLE)

Plantation, FL 33324
City/State/Zip

*Having been named as registered agent and to accept service of process for the above stated limited liability company at the place designated in this certificate, I hereby accept the appointment as registered agent and agree to act in this capacity. I further agree to comply with the provisions of all statutes relating to the proper and complete performance of my duties, and I am familiar with and accept the obligations of my position as registered agent as provided for in Chapter 605, Florida Statutes.*

Mary Pares
(Signature)

**$ 100.00 Filing Fee for Application**
**$ 25.00 Designation of Registered Agent**
**$ 30.00 Certified Copy (optional)**
**$ 5.00 Certificate of Status (optional)**

PAGE 1

The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "8046 PHILIPS HIGHWAY LLC" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE FIRST DAY OF JULY, A.D. 2014.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "8046 PHILIPS HIGHWAY LLC" WAS FORMED ON THE TWELFTH DAY OF MARCH, A.D. 2014.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE NOT BEEN ASSESSED TO DATE.

Jeffrey W. Bullock, Secretary of State

5497492 8300

140904742

AUTHENTICATION: 1500030

DATE: 07-01-14

You may verify this certificate online at corp.delaware.gov/authver.shtml

**2016 FOREIGN LIMITED LIABILITY COMPANY ANNUAL REPORT**

**FILED**
**Mar 01, 2016**
**Secretary of State**
**CC9140810945**

DOCUMENT# M14000004673

**Entity Name:** 8046 PHILIPS HIGHWAY LLC

**Current Principal Place of Business:**

496 LONG RIDGE RD.
BEDFORD, NY 10506

**Current Mailing Address:**

496 LONG RIDGE RD.
BEDFORD, NY 10506

**FEI Number:** 46-5323711

**Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

NRAI SERVICES, INC
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE: ______________________________

Electronic Signature of Registered Agent Date

**Authorized Person(s) Detail :**

| | |
|---|---|
| Title | MGR |
| Name | KASSIS, RICHARD |
| Address | 496 LONG RIDGE RD. |
| City-State-Zip: | BEDFORD NY 10506 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: RICHARD KASSIS OWNER 03/01/2016

Electronic Signature of Signing Authorized Person(s) Detail Date



COMPREHENSIVE CASE INFORMATION SYSTEM

Ronnie Fussell, Clerk of the Circuit Court

DUVAL COUNTY CCIS

eportaluser

Back

Expand All

| | |
|---|---|
| Case Number | 162016CA004093XXXXMA [162016CA004093XXXXMA] |
| Filed Date | 06/17/2016 |
| County | DUVAL |
| Case Type | |
| Status | OPEN |

| | |
|---|---|
| Party Name | UNKNOWN |
| Party Type | JUDGE |
| Attorney | |
| Bar ID | |

| | |
|---|---|
| Party Name | MIDDLETON, PHYLLIS |
| Party Type | PLAINTIFF |
| Attorney | FRATELLO, FRANK |
| Bar ID | 46100 |

| | |
|---|---|
| Party Name | BJ'S WHOLESALE CLUB, INC., |
| Party Type | DEFENDANT |
| Attorney | |
| Bar ID | |

| | |
|---|---|
| Party Name | DOE, JOHN |
| Party Type | DEFENDANT |
| Attorney | |
| Bar ID | |

| | |
|---|---|
| Party Name | FRATELLO, FRANK JR. |
| Party Type | ATTORNEY FOR PETITIONER |
| Attorney | |
| Bar ID | |

**Dockets**

**Page : 1** ALL

| | |
|---|---|
| Ima | |
| Document # | |
| Action Date 06/17/201 | |
| Description | COVER SHEET |
| Pag 2 | |

Ima

Document #

Action Date 06/17/2016

Description SUMMONS ISSUED BJ'S WHOLESALE CLUB INC.

Pag 1

Ima

Document #

Action Date 06/17/2016

Description COMPLAINT

Pag 6

Ima

Document #

Action Date 06/17/2016

Description NOTICE OF SERVICE OF INTERROGATORIES - PLTF TO DEFT BJ'S WHOLESALE CLUB

Pag 9

Ima

Document #

Action Date 06/17/2016

Description REQUEST TO PRODUCE - PLTF TO DEFT BJ'S CHOLESALE CLUB

Pag 3

Ima

Document #

Action Date 06/17/2016

Description REQUEST FOR ADMISSIONS - PLTF TO DEFT BJ'S WHOLESALE CLUB

Pag 2

Ima

Document #

Action Date 06/17/2016

Description OTHER NEGLIGENCE-PREMISES LIABILITY-COMMERCIAL

Pag

Ima

Document
#

Action Date 06/20/201

Description CASE FEES PAID: $411.00 ON RECEIPT NUMBER 2692284

Pag
1

---

Ima

Document
#

Action Date 06/20/201

Description DEMAND FOR JURY TRIAL

Pag

---

Ima

Document
#

Action Date 06/23/201

Description NOTICE OF FILING RETURN OF SERVICE

Pag
1

---

Ima

Document
#

Action Date 06/23/201

Description SUMMONS RETURNED INDICATING SERVICE BJ'S WHOLESALE CLUB INC

Pag
1

---

Ima

Document
#

Action Date 07/12/201

Description ANSWER OF DEFT. BJ'S WHOLESALE CLUB, INC.

Pag
10

---

Ima

Document
#

Action Date 08/08/201

Description MOTION FOR EXTENSION OF TIME (BJ'S WHOLESALE CLUB, INC.'S), TO RESPOND TO PLAINTIFF'S DISCOVERY- DEFT /ATTY

Pag
4

8/11/2016 Case 3:16-cv-01040-MMH-JRK Document 1-3 Filed 08/15/16 Page 44 of 45 PageID 57
Comprehensive Case Information System

**Court Events**

**Sentences**

**Financial Summary**

https://www.flccis.com/ocrs/app/caseinformation.xhtml?query=KocS_rhnLtS4gLLU0Ztblg5_CuwflKgeMhxhqjl3WY8# 4/4

16-2016-CA-004093-XXXX-MA

Filing # 42930715 E-Filed 06/17/2016 04:38:17 PM

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

PHYLLIS MIDDLETON,

Plaintiff,

-vs-

BJ's WHOLESALE CLUB, INC., a foreign corporation, 8046 PHILIPS HIGHWAY, LLC, a foreign limited liability company, and JOHN DOE,

Defendants.

DN
SPS773
3 40 of 4
6/22/16

## SUMMONS

**THE STATE OF FLORIDA:**

To All and Singular the Sheriffs of said State:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint in this action on Defendant: **BJ's WHOLESALE CLUB, INC., a Florida Profit Corporation by and through its register agent: C T Corporation System, 1200 South Pine Island Road, Plantaion FL 33324.** Defendant is required to serve a responsive document to Plaintiff's Complaint on Frank Fratello, Jr. whose address is FARAH & FARAH, P.A.10 West Adams Street, 3rd Floor, Jacksonville, FL 32202, within twenty (20) days after service of this Summons on the Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or petition. Defendant is also required to serve responses to Plaintiff's Requests for Admission, Interrogatories, and Requests for Production of Documents on Frank Fratello, Jr. whose address is FARAH & FARAH, P.A.10 West Adams Street, 3d Floor, Jacksonville, FL 32202, within forty-five (45) days after service of this Summons on the Defendant as stated above.

**WITNESS** my hand and the Seal of said Court this ___ day of Jun 20, 2016.

RONNIE FUSSELL
As Clerk of said Court

By Christina Ross
Deputy Clerk

CLERK OF THE CIRCUIT COURT FOURTH JUDICIAL CIRCUIT DUVAL COUNTY, FLORIDA

FILED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 06/20/2016 08:59:05 AM

EXHIBIT
A