**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PHYLLIS MIDDLETON,

                Plaintiff,

v.                                     Case No. 3:16-cv-1040-J-34JRK

BJ'S WHOLESALE CLUB, INC., a foreign
Corporation, 8046 PHILIPS HIGHWAY, LLC,
a foreign limited liability company, and JOHN
DOE,

                Defendants.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court <u>sua</u> <u>sponte</u>. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. <u>See</u> <u>Kirkland v. Midland Mortgage Co.</u>, 243 F.3d 1277, 1279-1280 (11th Cir. 2001); <u>see</u> <u>also</u> <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. <u>See</u> <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction <u>sua sponte</u> whenever it may be lacking").

On August 15, 2016, Defendant BJ's Wholesale Club, Inc. (BJ's) filed Defendant, BJ's Wholesale Club, Inc.'s, Notice of Removal to United States District Court (Doc. 1; Notice of Removal), asserting that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. <u>See</u> Notice of Removal at 3. BJ's asserts that diversity

jurisdiction is proper because this is an action between citizens of different states, and the amount in controversy exceeds $75,000. Id. at 3. In the Notice of Removal, BJ's asserts that Plaintiff Phyllis Middleton is "a citizen of the state of Florida." Id. at 5. In addition, BJ's alleges that it is a "Delaware for-profit corporation," with "headquarters" in Massachusetts. Id. at 6. Last, BJ's identifies Defendant 8046 Philips Highway, LLC as both a "foreign limited liability company" and a "Delaware corporation with its principal place of business in Bedford, New York." Id. This allegation is nonsensical as 8046 Philips Highway, LLC cannot be both a corporation and a limited liability company. If, despite its name, 8046 Philips Highway, LLC is actually a corporation, then BJ's has properly alleged its citizenship.[1] However, to the extent 8046 Philips Highway, LLC is a limited liability company, as it appears to be, then it is unclear to the Court from the filings whether BJ's has properly identified its citizenship.[2]

For the purposes of establishing diversity jurisdiction, an unincorporated business association or entity, such as a general or limited partnership or a limited liability company, is not a "citizen" under 28 U.S.C. § 1332(a) in its own right. See Xaros v. U.S. Fidelity & Guaranty Co., 820 F.2d 1176, 1181 (11th Cir. 1987). Instead, "the citizenship of its members is determinative of the existence of diversity of citizenship." Id.; see also

---

[1] A corporation "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted).

[2] Although Plaintiff has not yet served 8046 Philips Highway, LLC, the Court must still consider its citizenship in determining whether diversity jurisdiction exists in this case. See New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998) ("A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant.") (collecting cases). The Court does disregard the citizenship of the fictitious defendant, John Doe. See 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1089 (11th Cir. 2010) ("General partnerships, limited partnerships, joint stock companies, and unincorporated membership associations are all treated as citizens of every state of which any partner or member is a citizen.") (internal quotation omitted). Therefore, as BJ's correctly observed, in order to sufficiently allege the citizenship of an unincorporated business entity, a party must list the citizenships of all the members of that entity. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).

Here, BJ's alleges that "[b]ased on filings with the Florida Department of State, Division of Corporations, 8046 Philips Highway LLC has only one member, Richard Kassis." See Notice at 6. However, the Court has reviewed the filings to which BJ's refers and while they potentially identify one member of the limited liability company, they do not establish that the identified person is 8046 Philips Highway, LLC's only member. See Notice, Ex. I. Kassis is identified in places as the "manager" or the "owner," but to establish diversity jurisdiction, the Court needs information regarding the citizenship of all the members of a limited liability company, not just the managing members. See Rolling Greens MHP, L.P., 374 F.3d at 1022. Moreover, BJ's asserts that based on these documents Kassis "appears to be a citizen of the state of New York." See Notice at 7. However, the documents include nothing more than an address for Kassis and thus, do not reveal his citizenship. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'"). As such, the

Court concludes that the information BJ's has provided is insufficient to establish 8046 Philips Highway, LLC's citizenship.

In light of the foregoing, the Court will give BJ's an opportunity to provide the Court with additional information to establish 8046 Philips Highway LLC's citizenship, and this Court's diversity jurisdiction over the instant action. Accordingly, it is

**ORDERED**:

Defendant BJ's Wholesale Club, Inc. shall have until **October 14, 2016**, to provide the Court with sufficient information so that it can determine whether it has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida on September 23, 2016.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record